IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

APRIL D GIANELLI,

      Plaintiff,    No. 2:12-cv-2613 KJM KJN PS

    vs.

SAN JOAQUIN COUNTY
SHERIFF DEPARTMENT,

      Defendant.    FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff April D. Gianelli, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

        To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

        In this case, plaintiff alleges that an unlawful detainer judgment was entered against her sometime in September 2012, and that she filed for bankruptcy on September 21, 2012.  (Dkt. No. 1 at 1.)  Plaintiff contends that although the bankruptcy automatic stay purportedly stops all eviction actions and that the initial eviction date of October 6, 2012 was cancelled, the San Joaquin Sheriff Department on October 18, 2012 again served her with an eviction notice and indicated that it intended to move forward with eviction.  (Dkt. No. 1 at 1-2.)

1  Plaintiff claims that the San Joaquin Sheriff Department is in violation of the bankruptcy laws,
2  and that as a result of its actions, she is threatened with having to move and had to postpone a
3  scheduled surgery. (Dkt. No. 1 at 2.)
4        Plaintiff's complaint does not identify any specific violation of a federal statute or
5  a federal constitutional provision, other than violation of the bankruptcy laws. Plaintiff also does
6  not request any particular relief, although it can be inferred that she seeks to stay any eviction
7  proceedings while her bankruptcy case is adjudicated. Records from the United States
8  Bankruptcy Court for the Eastern District of California indicate that plaintiff has a pending
9  Chapter 7 bankruptcy petition, which was filed, as plaintiff alleged, on September 21, 2012. See
10 Bankruptcy Petition No. 12-37035, at http://www.pacer.gov. Based on plaintiff's allegations, it
11 appears that the appropriate forum in which to seek relief from defendant's actions would be in
12 the bankruptcy court. Therefore, the court will recommend that this action be dismissed, but
13 without prejudice to plaintiff's ability to pursue any appropriate relief in the bankruptcy court.
14       For the foregoing reasons, IT IS HEREBY RECOMMENDED that:
15       1. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) be DENIED;
16       2. The action be DISMISSED WITHOUT PREJUDICE; and
17       3. The case be closed.
18       These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
20 (14) days after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties. Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
23 shall be served on all parties and filed with the court within fourteen (14) days after service of the
24 objections. The parties are advised that failure to file objections within the specified time may
25 ////
26 ////

1  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th
2  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
3              IT IS SO RECOMMENDED.
4  DATED:  October 23, 2012

                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE